Bailey *v.* Glormine. 88 *N. J. Eq.*

---

JAMES D. BAILEY

*v.*

GALVINE GABRIEL GLORMINE.

[Decided November 8th, 1917.]

1. A receiver's compensation should be commensurate with the work done and the results accomplished.

2. The practice of asking larger allowances than are justifiable in the expectation of action by the court reducing them, discouraged.

3. The court expects a lawyer appointed as receiver to act as his own counsel except under extraordinary circumstances.

---

On application for confirmation of receiver's report and allowance.

*Mr. Jacob L. Newman*, receiver, *pro se.*

88 *N. J. Eq.* • Bailey *v.* Glormine.

*Messrs. Fairlie & Vanderbilt,* for the complainant.

*Mr. Selick J. Mindes,* for the defendant.

LANE, V. C.

The only question is as to the amount of the allowances to be made to the receiver and counsel for the complainant. The receiver asks $750. Complainant's solicitors ask $75. The receiver acted as his own counsel. As has been often stated, this court expects a lawyer appointed as receiver to act as his own counsel except under extraordinary circumstances. The receiver was appointed on the 7th day of September, 1917, and completely performed his duties by the 16th day of October, 1917. There passed through his hands approximately $13,000. I have examined with care the record, including the report of the receiver, and I have come to the conclusion that the receiver has performed his duties with most painstaking care and with great efficiency. He is to be commended for the speedy winding up of the affairs of the partnership and the result that has been achieved. The defendant bitterly opposes the allowance of the fee asked and insists that $300 would be sufficient. The complainant consents to $500. I am of the opinion that the receiver has not asked for more than the services which he rendered are reasonably worth under all of the circumstances of this case. There has been a tendency sometimes for officers of the court to ask for more than the services may be said to be reasonably worth upon the assumption that the court will, in any event, upon objection, cut down the allowances. This tendency should be discouraged. The court ought to be able to rely implicitly upon the representation of its officers, that in the view of those officers the amounts that were asked for are proper. The court's view may be different from that of the applicant. Mr. Newman has asked only for such amount as he conscientiously thought he was entitled to.

Upon a consideration of the whole case, I come to the conclusion that he is entitled to the amount asked, and there will be allowed him $750. To counsel for complainant will be allowed the sum of $50. I have advised an order as above indicated.